UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY R. LAUTENSCHLAGER, | ) | CASE NO. 5:08 CV 2188 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SUMMIT COUNTY COURT | ) | AND ORDER |
| OF COMMON PLEAS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Ray R. Lautenschlager filed this action under 42 U.S.C. § 1983 against the Summit County Court of Common Pleas, Ohio Attorney General Nancy H. Rogers, Summit County Domestic Relations Court Judge John Quinn, Summit County Domestic Relations Court Magistrate Traci Stoner, his former spouse Pamela Baylor, and Ms. Baylor's attorney William Howard. In the complaint, plaintiff challenges the constitutionality of Ohio Civil Procedure Rule 75(N) and Ohio Revised Code § 3109.04. He seeks declaratory, injunctive, and monetary relief.

Mr. Lautenschlager also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## Background

Mr. Lautenschlager and Ms. Baylor were married in 1989 and had one child born June 21, 1990. They were divorced in 1995. At that time, the parties entered into a Separation Agreement and a Shared Parenting Plan which dictated that the child

1

would spend time with each parent on alternating weeks. Neither party was ordered to pay child support to the other.

On November 12, 2003, Ms. Baylor filed a Motion to Modify the Shared Parenting Plan. She had filed two similar Motions in 2002 when she learned that Mr. Lautenschlager's home was the subject of a foreclosure action; however, the parties were able to arrive at an agreement without litigation. She had recently become the primary custodian when Mr. Lautenschlager announced to her that he was working third shift and could not continue the alternating week schedule. She later discovered he was not employed at the location he reported. The school also began to question Mr. Lautenschlager's residency in the district. Letters they sent to the home were returned as undeliverable and when asked to produce proof of residency, Mr. Lautenschlager was unable to do so to their satisfaction. When the school contacted Ms. Baylor, she made arrangements for their child to continue at the school under its open enrollment policy. A guardian ad litem was appointed by the court, and Family Court Services was asked by the judge to intervene. Both reported that Mr. Lautenschlager refused to cooperate with them. Based on the testimony presented, the court terminated the Shared Parenting Plan pursuant to Ohio Revised Code § 3109.04 and awarded sole custody to Ms. Baylor. Mr. Lautenschlager was given companionship time pursuant to the standard order of visitation. He was also ordered to pay child support to Ms. Baylor. That Order was journalized on October 26, 2004. There has been no further action on the domestic relations case.

Over three years later, on March 4, 2008, Mr. Lautenschlager filed an

action in this Court challenging Ohio Revised Code § 3109.04, which permits the domestic relations court judge to terminate a Shared Parenting Plan upon the request of one or both parents whenever it determines that shared parenting is not in the best interest of the child, and Ohio Civil Rule 75(N), which permits the domestic relations court to make a temporary allocation of parental rights and responsibilities *pendente lite*, without an oral hearing if good cause is shown. He claimed that both of the rules interfere with a parent's liberty interest in custody of his or her child without due process of law and without a compelling state interest. He sought declaratory relief which recognized a liberty interest in child custody which required clear and convincing evidence to terminate in any fashion. He also sought declarations of a personal nature. Among these were declarations that he was similarly situated to his former spouse for purposes of child custody, that the defendants deprived him of his custody right nine (9) years after his divorce, that the designation of a custodial and non-custodial parent by Judge John P. Quinn violated his right to custody of his child, and that the visitation order which was issued in his case was a denial of equal protection of the law.

The Court issued its Memorandum of Opinion and Order on June 30, 2008 considering the merits of his claims and dismissing his case. The Court determined that, contrary to Mr. Lautenschlager's assertions, it was apparent on the face of his complaint that he was attempting to attack a state court judgment, which this Court lacks jurisdiction to consider. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). To the extent that his challenge to the statutes could be dissected from his personal claims, the

Court determined that Mr. Lautenschlager had not presented the Court with an actual case in controversy, since his divorce and custody proceedings concluded in 2004. The prayer of the complaint asking that the statutes be declared unconstitutional was therefore nothing more than a request for an advisory opinion. It failed to disclose any ground for the determination of any question of law or fact which could be the basis of a judgment adjudicating the rights of the parties named in the complaint. Rather, it was an inappropriate means to challenge Ohio's parental custody laws and procedures. Mr. Lautenschlager was not petitioning the federal court for custody of his children. He simply wanted a favorable ruling on a "collateral legal issue," upon which he can pursue custody in a separate state court proceeding. *See Galluzzo v. Champaign Cnty Ct. of Comm. Pl.*, No. 04-3527, 2006 WL 229801, (6th Cir. 2006). The action was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

This did not end Mr. Lautenschlager's attempts in federal court to obtain relief from this state court judgment. He filed a Motion for Reconsideration on July 29, 2008 which was denied as untimely and without merit on July 30, 2008. Mr. Lautenschlager then filed a Notice of Appeal of that decision to the United States Sixth Circuit Court of Appeals on August 12, 2008. He filed the within action on the same day, asserting the same claims against the same defendants.[1] Ten days later, Mr. Lautenschlager voluntarily dismissed his appeal.

Based on the same facts, Mr. Lautenschlager once again asserts in this

---

[1] In the original pleading, Mr. Lautenschlager named former Ohio Attorney General Marc Dann as a defendant. In this complaint, he substituted the current Ohio Attorney General, Nancy H. Rogers, for Mr. Dann.

action that Ohio Revised Code § 3109.04 and Ohio Civil Rule 75(N) interfere with a parent's liberty interest in retaining custody of his or her child without due process of law and without clear and convincing evidence that the parent is unfit to care for the child. He claims that "the Defendant routinely deprives or enlarges the federal custody right of <u>all</u> parents, including Plaintiff, *without due process*." (Compl. at 8)(emphasis in original). Although he asserts that he is presenting only a general challenge to these laws and is not attacking the state court's judgment, he seeks such relief as:

> [a] Declaration that he was a similarly situated parent to his legal wife, ie., that he retained in his parent-child relationship equal legal custody of his child; equal physical custody of his child throughout his marriage, and prior to, Defendant's deprivation of Plaintiff's federal custody right nearly nine (9) full years after the divorce.

(Compl. at 15.) He further requests a declaration that "Judge John P. Quinn's statutory designation of noncustodial parent or companion implicates a parent's federal liberty right to a child under color of state law;" that "Judge John P. Quinn's statutory designation infringed on his autonomous parent-child relationship;" and that "Judge John P. Quinn's statutory designation infringed on his freedom of association with his child in their autonomous relationship." (Compl. at 15-16.) He asserts that:

> the restrictions, abridgement, and deprivation of an autonomous parent-child relationship, and/or the parental right of custody, and/or the protected privacy and liberty interest of the parent and child, and/or loss of association of the parent-child relationship, and/or the denial of equal protection occur without due process and in violation of federal law.

(Compl. at 19.) He requests injunctive relief and damages "for violation and deprivation of his federally protected liberty and property rights." (Compl. at 21.)

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Both of these requirements are met in this case. Mr. Lautenschlager is merely restating claims which were previously considered by this Court. He is precluded from litigating this matter for a second time.

## Conclusion

For all the foregoing reasons, Mr. Lautenschlager's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: December 17, 2008

          **HONORABLE SARA LIOI**
          **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.